**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
STEPHANIE FLORES,

                           Plaintiff,                      21-cv-6160 (OTW)

        -against-                           **OPINION & ORDER**

DYNAMIC WIRELESS NYC LLC d/b/a METRO BY
T-MOBILE, et al.,

                          Defendant.
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") alleging that she was subjected to illegal wage deductions and other wage violations, such as unpaid spread of hours, and statutory damages for failure to provide wage notices and proper wage statements. Plaintiff further alleges that Defendants engaged in discriminatory employment practices by terminating her employment on the basis of her pregnancy status, in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

The parties submitted their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). (ECF 34). The *Cheeks* papers were then referred to me for a report and recommendation. (ECF 30). On March 17, 2022, the parties consented to my jurisdiction for all purposes in accordance with 28 U.S.C. § 636(c). (ECF 33). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable.

1

I.   **Background**

Sometime in 2011, Defendants hired Plaintiff as an assistant manager at "Metro PCS," located at 165 Loisaida Avenue, New York, New York 10009. (ECF 1 ¶ 35). Plaintiff worked for Metro PCS for approximately ten years at different locations in New York City until Defendants terminated Plaintiff's employment on or about June 25, 2021. (ECF 1 ¶ 35). At all times, Plaintiff's duties as an assistant manager consisted of opening and closing the store, counting inventory, selling cellphones and phone accessories, opening new customer accounts, and troubleshooting customer accounts. (ECF 1 ¶ 36). Throughout Plaintiff's employment, Plaintiff alleges that she was not compensated for at least one (1) hour per week on Fridays, as a condition of her continued employment . (ECF 1 ¶ 40). Plaintiff also alleges that in January 2018, Defendants began deducting half an hour of pay for being late five or ten minutes. (ECF 1 ¶ 41). During the summer of 2015, Plaintiff states that she regularly worked days that exceeded a spread of ten (10) hours per workday. Plaintiff alleges that she was not compensated with a spread of hours premium on such days that she worked over a spread of ten (10) hours. (ECF 1 ¶ 42). Plaintiff further alleges that Defendants deducted various amounts from her pay for a range of illegitimate reasons. (ECF 1 ¶ 45).

Plaintiff alleges that, at all relevant times, Defendants paid wages to Plaintiff on a straight-time basis and did not pay overtime premium for hours worked over forty (40) in a workweek (ECF 1 ¶¶ 48, 56); failed to keep accurate records of actual hours worked (ECF 1 ¶ 57); did not provide plaintiff with full and proper wages for all hours worked (ECF 1 ¶ 58); and failed to provide plaintiff with proper wage notices (ECF 1 ¶ 61). Plaintiff also alleges that in the June 2021, Defendant discriminated against her high-risk pregnancy, requesting that she cancel

and reschedule pregnancy-related appointments. (ECF 1 ¶ 71). Plaintiff alleges she was unable to work due to her high-risk pregnancy and requested several days off. (ECF 1 ¶ 71). A few days later, Plaintiff requested her schedule. (ECF 1 ¶ 71). Defendant did not respond to her, blocked her, and constructively terminated her. (ECF 1 ¶ 71).

II.     Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will recommend approval of such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) The plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery and Litigation Risks

Based on estimated damages calculations, Plaintiff's range of possible recovery was between $0 and $53,063.50.[1] (ECF 34-2). Under the proposed settlement agreement, Plaintiff will recover $6,365.35—nearly 50% of her best-case, owed wages plus her estimated wage deductions, not including any liquidated damages or penalties.[2] (ECF 34 at 2).

Here, Plaintiff acknowledges that "further litigation would require significant time and expense. In addition, both sides face serious litigation risks relating to damages and liability," including establishing Plaintiff's actual hours worked and actual hours paid due to Defendants compensating Plaintiff in part in cash, and in part by wage statements. (ECF 34 at 3). Defendants maintain that Plaintiff was at all times paid properly for all hours worked. (ECF 34 at 3). Plaintiff argues, however, that Defendants did not compensate her properly for all hours worked and that Defendants will likely be unable to produce any records to demonstrate that they properly compensated Plaintiff for all hours worked, at the proper minimum wage and overtime rate.

Litigation costs aside, one of the main driving factors in approving the settlement agreement and its long payment plan is Defendants' assertion of an inability to pay. (ECF 34 at 3). Plaintiff believes it to be in her best interest to receive the settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiff believes that the settlement amount is a fair result, accounting for a significant percentage of the alleged back

---

[1] $20,043.75 (unpaid wages) + $20,043.75 (liquidated damages) + $5,000 (wage notice) + $5,000 (wage statement) + $2,976 (estimated illegal wage deductions) = $53,063.50.

[2] (6,365.35 / 12,976 = 0.49).

wages owed, even after the deduction of attorneys' fees and costs, while eliminating the burdens and risks of trial. (ECF 34 at 3).

### b. Arm's-Length Negotiation

The parties represented that the settlement was reached as the result of Court-appointed mediation (ECF 34 at 3), which is evidence of an arm's-length negotiation. *See*, *Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043 (AT), 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016).

### c. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### d. Settlement Agreement Provisions

This agreement does not include provisions that courts have found fatal in other proposed FLSA settlements. *See*, e.g., *Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding an "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). In order to resolve Plaintiff's non-wage claims the parties have entered into a separate agreement which contains a general release of wage-related claims, but does not contain any type of clauses which would prevent Plaintiff from discussing the settlement of her FLSA and NYLL claims. (ECF 34 at 4).

### e. Attorneys' Fees

Under the proposed settlement agreement (ECF 34 at 4, 5), Plaintiff's counsel will be awarded $3,634.65, equaling (i) $452.00 in reimbursement of costs and (ii) $3,182.65 in attorney's fees, which is one-third of the $10,000 settlement amount after deduction of the $452

5

in costs. (ECF 34 at 4). Plaintiff will receive the remainder of the settlement amount, which is $6,365.35. The award of attorneys' fees and costs is reasonable and represents approximately one-third of the total award. Although there is not a proportionality requirement, attorneys' fees in settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant'"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorney's fees that range between 30 and 33 1/3 %."). In this case, Plaintiff's counsel's fees are reasonable.

### III.   Conclusion

For the foregoing reasons, the proposed settlement is approved as fair and reasonable. Plaintiff will receive **$6,365.35**, and Plaintiff's counsel will be awarded **$3,634.65** for fees and costs.

**SO ORDERED.**


Dated: July 1, 2022                                      *s/ Ona T. Wang*
    New York, New York                      **Ona T. Wang**
                                                    United States Magistrate Judge